UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:18CR740 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| JOSEPH DENNIS, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are allegations that Defendant Joseph violated the terms of his supervised release. Specifically, Dennis is alleged to have refused to sign the conditions of his release during his initial meeting with his probation officer. In response to the allegation, Dennis contends that he cannot be compelled to sign the conditions because doing so places an undue burden on the practice of his religion.

In support of this defense, Dennis appears to rely upon the Religious Freedom Restoration Act ("RFRA"). This Court, however, lacks the jurisdiction to entertain Dennis' challenge to the legality of the conditions of his supervision. *See United States v. Faber*, 950 F.3d 356, 359 (6th Cir. 2020)(noting that there are numerous legal avenues to raise such a challenge but that a district court lacks the jurisdiction to do so within post-conviction criminal proceedings).

The Court notes, however, that even if it were permitted to consider Dennis' argument, the argument lacks merit. To set forth an argument under RFRA, a defendant must demonstrate that a "governmental action . . . (1) substantially burden[s], (2) a religious belief rather than a philosophy or way of life, (3) which belief is sincerely held." *Gen. Conf. Corp. of Seventh–Day Adventists v. McGill*, 617 F.3d 402, 410 (6th Cir. 2010) (internal quotation omitted). If the defendant meets this initial threshold, the burden shifts to the government to show that the action (1) furthers a compelling governmental interest, and (2) is the least restrictive means of doing so. See 42 U.S.C. § 2000bb-1(b)(1)-(2).

Dennis' argument fails in all aspects under RFRA. First, Dennis has not demonstrated a religious belief. While presenting his argument, Dennis failed to identify his religion in any manner. To the extent that Dennis put forth any belief for the Court to consider, it appears that he opposes the idea of taking an oath. This argument is flawed for several reasons. First, the requirement that Dennis sign the conditions of his relief does not require any oath. Thus, even if the Court were to accept that Dennis sincerely held this belief, it would not be infringed upon in any manner. Second, the record refutes any assertion that Dennis sincerely holds this belief. Dennis was administered an oath during his change of plea without any objection.[1] Moreover, to the extent that Dennis claimed that he believed that signing the conditions of his release was akin to an oath, he had previously signed such papers during his first term of supervision. As such, the record refutes any assertion that Dennis' alleged belief is sincerely held.[2]

---

1 However, at his arraignment, Dennis had claimed that his religious beliefs prevented him from taking an oath.
2 Assuming *arguendo* that Dennis had satisfied his initial burden, the Government has shown that signing the conditions furthers a compelling governmental interest and is the least restrictive means to further that interest. There is a compelling interest in ensuring compliance with the conditions of release *and* ensuring full knowledge and understanding of those conditions by a defendant. Such a process both protects the public and ensures due process to the defendant. Requiring a signed acknowledgment of the conditions is the least restrictive manner in which to create a record of Defendant's understanding of the conditions. Accordingly, no RFRA challenge would be

Based upon the above, the Court rejects any RFRA challenge to the requirement that Dennis sign the conditions of his supervised release.

IT IS SO ORDERED.

September 18, 2024            /s/ *John R. Adams*
Date            Judge John R. Adams
           United States District Court

---

successful.